UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MYSTIC MARKETING ASSOCIATES, LLC and WYNDELL FINANCIAL, LLC, Plaintiffs** | DOCKET NUMBER: 20-550 |
| | SECTION: _____ |
| VERSUS | MAGISTRATE: _____ |
| **PALOMAR SPECIAL INSURANCE COMPANY, Defendant** | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

The plaintiffs, Mystic Marketing Associates, LLC and Wyndell Financial, LLC, through undersigned counsel, respectfully say that:

### PARTIES, JURISDICTION, AND VENUE

1. The plaintiff, Mystic Marketing Associates, LLC, is a limited liability company domiciled in the State of Wyoming.

2. The plaintiff, Wyndell Financial, LLC, is a limited liability company domiciled in the State of Delaware.

3. The defendant, Palomar Specialty Insurance Company ("Palomar Specialty"), is a corporation domiciled in the State of Oregon.

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states.

5. Venue is proper in the Western District of Louisiana, under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within the district.

## FACTS

6. Palomar Specialty issued a policy of insurance (the "Policy") covering plaintiffs' property and business located at 300 Arena Road, Sulphur, Louisiana (the "Hotel") where plaintiffs operate a Wyndham hotel. The Policy was effective from July 27, 2018 through July 27, 2019. Defendant numbered this Policy PAR-18-0000920-00 and plaintiffs plead its the terms and conditions in extenso.

7. On or about May 9, 2019, a hailstorm struck the Hotel and caused severe damage to the building, including to the roof. The damage to the roof allowed water to penetrate to the interior of the building causing more damage, including to the sheetrock and paint in the interior.

8. The Policy provides coverage for the damage the storm caused to the Hotel.

9. Plaintiffs' employees discovered the damage to the hotel within a few days of the storm and promptly notified defendant of the storm, ensuing damage, and plaintiff's intention to make a claim under the Policy.

10. Palomar Specialty sent its adjuster to inspect the property on or about June 6, 2019. From then until about August 27, 2019, received proof of plaintiffs' losses that the Policy covered requiring it to make a payment to plaintiffs. This proof of plaintiffs' losses, included, but was not limited to multiple inspections of the property; its' engineer's report; numerous photographs; statements and documents from plaintiffs' representatives; documents such as repair estimates and invoices from third parties; and its own adjusters estimate of value of plaintiff's losses.

11. Despite having this proof of plaintiffs' losses, defendant did not tender any amount of money to plaintiffs within 30 days of its receipt of such proof, even for the amounts its own adjuster estimated. Palomar Specialty's failure to make such a tender was arbitrary, capricious, and without probable cause.

12. Despite having this proof of plaintiffs' losses, defendant did not tender any amount of money to plaintiffs within 60 days of its receipt of such proof, even for the amounts its own adjuster estimated. Palomar Specialty's failure to make such a tender was arbitrary, capricious, and without probable cause.

13. Palomar Specialty's representatives falsely told plaintiffs that it was not required to make any payment under the coverages of the Policy unless plaintiffs executed a document the insurer prepared stating values regarding plaintiffs' claim that plaintiffs did not agree were correct.

14. Defendant's first and only tender to plaintiffs was not until December 20, 2019 and after plaintiffs needed to engage counsel to make written demand. Palomar Specialty's delinquent payment was only for $42,006.60, an insufficient amount as the extent of plaintiffs' covered losses will exceed $300,000.

15. Palomar Specialty's failure to make prompt tenders to plaintiff have caused it to lose income.

## CLAIMS

16. Palomar Specialty breached its obligations under the Policy making it liable to plaintiff under Louisiana state laws of obligations found in the Louisiana Civil Code, Book II, Titles

II and IV, and Louisiana state court jurisprudence, for the unpaid amounts due under the Policy.

17. Defendant violated La. R.S. 22:1892 when it did not tender the amount due under plaintiffs' claim within 30 days of its receipt of satisfactory proof of loss, making it liable for penalties in the amount of 50% of the amount due, along with attorneys' fees described in this statute.

18. Palomar Specialty breached its duty of good faith and fair dealing found in La. R.S. 22:1973(A).

    a. It violated La. R.S. 22:1973(B)(1) and 22:1964(14)(a) when it misrepresented pertinent facts or insurance policy provisions relating to coverages at issue.

    b. Palomar Specialty violated La. R.S. 22:1973(B)(5) when it failed to pay the amount of claim due to plaintiffs under the Policy within 60 days of its receipt of satisfactory proof of plaintiffs' losses.

    c. Defendant violated La. R.S. 22:1973(A) and 22:1964(14)(c) in failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

    d. It violated La. R.S. 22:1973(A) and 22:1964(14)(d) in refusing to pay plaintiffs' claim without conducting a reasonable investigation based upon all available information.

    e. Palomar Specialty violated La. R.S. 22:1973(A) and 22:1964(14)(f) in not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

 f. Defendant violated La. R.S. 22:1973(A) and 22:1964(14)(g) in compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds.

 g. Palomar Specialty violated La. R.S. 22:1973(A) and 22:1964(14)(n) in failing to promptly provide a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for denial of a claim.

 h. For the these breaches of La. R.S. 22:1973, defendant owes plaintiffs, in addition to the general and special damages that plaintiffs are entitled, penalties not to exceed two times the damages plaintiff's sustained, or five thousand dollars, whichever is greater, under La. R.S. 22:1973(C).

## GENERAL ALLEGATIONS

19. To the extent that the legal or factual basis of plaintiffs' claims may be mutually exclusive, plaintiff pleads them in the alternative under FRCP Rule 8.

20. Plaintiffs request a jury trial on all issues.

**WHEREFORE**, the plaintiffs, Mystic Marketing Associates, LLC and Wyndell Financial, LLC, pray that the Court issue summons to Palomar Specialty Insurance Company, instructing the defendant to answer this complaint. Plaintiffs further pray that, after due proceedings, the Court render judgment in favor of plaintiffs, Mystic Marketing Associates, LLC and Wyndell Financial, LLC, and against the defendant, Palomar Specialty Insurance Company, in an amount that is reasonable in the premises, for statutory penalties, and attorneys' fees, along with judicial interest thereon from date of judicial demand, and for all costs of these proceedings.

Respectfully Submitted:

Attorneys for Mystic Marketing Associates, LLC and Wyndell Financial, LLC, Plaintiffs

_____
JOHN A. VENEZIA (#23963)
johnvenezia@venezialaw.net
Venezia & Associates (APLC)
757 St. Charles Avenue
Suite 302
New Orleans, Louisiana 70130
(504) 486-3910 voice
(504) 486-3913 fax

**PLEASE ISSUE SUMMONS TO:**

Palomar Specialty Insurance Company,
Through its agent for service:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809